410 So.2d 564 (1982)
John FOGELMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1381.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Rehearing Denied March 24, 1982.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Trela J. White, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Both the public defender and the attorney general agree that the trial court erred in refusing to give appellant credit on his sentence for time served in a mentally disordered sex offender program.
In view of the state's concession as to the correctness of the public defender's position and because it covers the only point on appeal, we remand for resentencing. We are disappointed that this cause actively continued to this most obvious final conclusion. In almost all civil cases, the opposing lawyers would have long since jointly dismissed an appeal such as this when both sides are in agreement. However, we recognize a major factor for privately retained attorneys is the justification of costs and attorneys fees to their clients. It would appear that for once the long suffering taxpayer, not to mention our overcrowded appellate docket, should have been given a break.
*565 In any event, we affirm the judgment and conviction, but remand for correction of the sentence by giving appellant credit for time spent in the mentally disordered sex offender program. Since defendant and the state are in agreement, we suggest the more economical approach would have been to present the matter to the trial court in the first instance. See Rule of Criminal Procedure 3.800.
LETTS, C.J., and DOWNEY and BERANEK, JJ., concur.