PER CURIAM.
Notwithstanding the trial court’s strongly expressed misgivings about the correctness of decisional law which permits police officers, without any articulable suspicion that a person has committed or is about to commit a crime, to engage such person in conversation and request such person’s consent to a search, this is the law by which both this court and the trial court are bound. Art. I, § 12, Fla.Const.; Florida v. Rodriguez, 469 U.S. 1,105 S.Ct. 308, 83 L.Ed.2d 165 (1984); Florida v. Royer, 460 U.S. 491,103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). See also Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981). Since, contrary to the defendant’s contention, there is no evidence to support the trial court’s finding that the police officers retained the defendant’s airline ticket and alien registration card after they were shown to the officers, there was no seizure of the defendant which would have rendered his subsequent consent invalid. Compare Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983) (consent search invalid where police retained possession of defendant’s airline ticket); State v. Frost, 374 So.2d 593 (Fla. 3d DCA 1979) (same). Accordingly, the trial court’s order suppressing the cocaine seized from the defendant’s tote bag is reversed and the cause remanded for further proceedings.
Reversed and remanded.