516 So.2d 332 (1987)
Frank J. BARANKO, Appellant,
v.
STATE of Florida, Appellee.
No. BS-267.
District Court of Appeal of Florida, First District.
December 9, 1987.
Frank J. Baranko, pro se.
Robert A. Butterworth, Atty. Gen., Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant appeals the denial of his motion to correct sentence. We reverse and remand for further proceedings.
On April 4, 1986, while in jail awaiting disposition of unrelated charges apparently originating from Pasco County, appellant was arrested pursuant to a Bradford County information for introducing contraband into prison and possession. Appellant contends, and the state has not conclusively refuted, that he remained in jail continuously until his sentencing on December 1, 1986. His sentence in the Bradford County case was designated to run concurrent with a sentence imposed in Pasco County. Appellant was not given any jail time credit on his Bradford County sentence. He filed a motion to correct sentence pursuant to *333 Florida Rule of Criminal Procedure 3.800(a)[1] which the trial court denied.
We find that appellant is entitled to a hearing to determine if he remained in jail continuously from the time of his arrest on April 4, 1986, until his sentencing on December 1, as he alleges, and if so, he is entitled to credit against his Bradford County sentence for the time spent in jail. Daniels v. State, 491 So.2d 543 (Fla. 1986); Keene v. State, 500 So.2d 592 (Fla. 2nd DCA 1986); and Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986).
REVERSED and REMANDED for proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Contrary to the state's contention on appeal, appellant is not procedurally barred from seeking relief under rule 3.800(a). See Padgett v. State, 497 So.2d 724 (Fla. 1st DCA 1986); and Fogelman v. State, 410 So.2d 564 (Fla. 4th DCA 1982). Compare Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986).