557 So.2d 605 (1990)
Ronald MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-921.
District Court of Appeal of Florida, First District.
February 6, 1990.
Ronald Morgan, appellant, pro se.
No appearance for appellee.
*606 MINER, Judge.
Ronald Morgan[1] appeals from the summary denial of his motion to allow credit for jail time pursuant to Section 921.161(1), Florida Statutes (1985).[2] We affirm.
From what we can glean from the record on appeal,[3] on or around March 21, 1986, Morgan killed his wife and then tried to kill himself. He was admitted on that day to Humana Hospital in Orange Park, Florida, "near death" from a self-inflicted gunshot wound. By his account, he was "disabled and hovering between life and death" during some part of his hospital stay which extended until May 19, 1986.
During his hospitalization, Morgan remained under constant police guard. By May 19, 1986, his condition had improved to the point that he could be discharged from the hospital. He was then arrested for the unlawful killing of his wife and confined to the Clay County jail.[4] Sometime thereafter appellant pled nolo contendere to some offense, presumably arising out of the death of his wife, and on July 18, 1986, was sentenced to 10 years incarceration. At sentencing, the trial court awarded appellant credit for 61 days spent in the Clay County jail prior to sentencing but did not award credit for the time appellant remained in Humana Hospital. On March 1, 1989, appellant filed a "Motion to Allow Credit For Jail Time" in which he requested credit under section 921.161(1) for the time spent in the hospital. It is the trial court's denial of this motion that we are asked to review.
Before moving to the merits of appellant's petition, we must address the state's argument that the motion for post-conviction relief is barred by the two-year statute of limitations period contained in Rule 3.850, Florida Rules of Criminal Procedure. In addition, the state contends that the motion is procedurally barred under Rule 3.850 because it presents an issue which could have been raised on direct appeal (i.e., failure to properly credit jail time). Although the state's arguments would be dispositive if appellant had made his motion pursuant to Rule 3.850, it seems to us more likely that the motion was made pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Although appellant's motion and the trial court's order denying the motion do not make specific mention of the device through which relief is sought, both speak to a "Motion To Allow Credit For Jail Time." Although Rule 3.800 is cited in appellant's motion for rehearing, Rule 3.850 is also mentioned. Despite this ambiguity, we construe the motion as having been made under Rule 3.800(a) because the relief requested in the last paragraph of the motion consists of an "order correcting defendant's sentence." Correction of sentences is the function of Rule 3.800(a), and it is well established that credit for jail time can be raised under this Rule. See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1988) (on motion for rehearing en banc); Baranko v. State, 516 So.2d 332 (Fla. 1st DCA 1987).
Turning to the substance of appellant's petition, he argues that a deputy sheriff stood guard outside his hospital room and that he was "under arrest" and "in custody" regardless of his formal arrest *607 date. He relies on cases which define "custody" and "arrest" for purposes of applying fourth amendment protections, Miranda warnings and the escape statute. We find these cases irrelevant to section 921.161(1). For its part, the state argues that this statutory subsection does not permit credit for hospitalization prior to arrest. However, the authorities cited by the state antedate the supreme court's decision in Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), which substantially altered the way in which courts are to interpret section 921.161.
In Tal-Mason, the defendant was deemed incompetent to stand trial and was committed to a state mental institution for treatment. After five years of treatment, the defendant was found competent to stand trial, pled guilty and was sentenced. Holding that the defendant should be credited for the time spent in state custody undergoing treatment, the court stated "that a detainee must be granted credit for time served prior to conviction in any institution serving as the functional equivalent of a county jail." Id. at 740. Although, at first blush, this statement seems broad, the court effectively narrowed it by applying it to the facts of Tal-Mason. Thus, the court noted that a state mental institution and a jail were similar in that each had facilities for enforced confinement. The court also stated:
[Tal-Mason] was in the total custody and control of the state at all times. And while his confinement involved psychological treatment, the primary purpose of both the treatment and the detention was to hold Tal-Mason until such time as he became competent to stand trial, if ever. Thus, his coercive commitment to a state institution was indistinguishable from pretrial detention in a "jail," as that term is understood in common and legal usage.
Id. at 739. The court likened Tal-Mason's situation to that of a detainee who is placed in the prison ward of a hospital for treatment of a physical injury. It stated further:
Indeed, the mere fact that treatment of any kind occurs during preconviction coercive detention is irrelevant if, as here, the criminal charges remain pending against the detainee and the detention will culminate, if at all, in a trial or sentencing. The treatment in such circumstances is merely incidental to the detention, necessitated by the fact that the state has coercively assumed custody of the detainee.
Id. at 740 (emphasis added.)
It would seem that an extension of Tal-Mason to the facts of the instant case would require that credit be given for time spent during custodial interrogation and whenever the defendant is in a custodial setting, no matter how brief the detention and without regard to the existence of pending charges. Such a position, we believe, misses the point by focusing entirely upon the presence or absence of custody and ignoring the purpose of the custody which was pivotal to the result in Tal-Mason. In Tal-Mason, the supreme court's inquiry did not end with a finding that commitment to the state mental institution represented a "coercive deprivation of liberty." Rather, having found such a deprivation, the court went on to determine that the detention would culminate in a trial or sentencing. In the instant case, there is no indication that appellant was awaiting trial or sentencing while he was in the hospital. Indeed, by all accounts available to us, he was in the hospital as the result of injuries inflicted at his own hand and was not placed there by the state pending trial. His medical condition sent him there and kept him there.
In sum, we find that appellant's petition is facially invalid. Had he stated that charges were pending on the date he was admitted to the hospital, then an issue of fact would be presented and the trial court would have to attach some portion of the record or hold an evidentiary hearing. Since he made no such assertion, the petition is facially invalid. Accordingly, the order appealed from is affirmed.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] In the notice of appeal apparently prepared for him by a fellow inmate described in the record as "Next Friend" and a "former practicioner (sic) in the law," appellant is referred to as Ronal Morgan. We assume Ronal Morgan and Ronald Morgan are one and the same person.
[2] Section 921.161(1) provides:

A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
[3] The record before us is sparse, indeed. It consists of the defendant's motion to allow credit for jail time, the trial court's order denying the motion, a motion for rehearing and incorporated memorandum of law, an order denying the motion for rehearing, a notice of appeal, an order directed to the state by this court to show cause why the relief prayed for should not be granted and the state's response to that order to show cause. Although given 20 days to respond to the state's response, nothing further has been received from appellant.
[4] The only reference made to Morgan's date of arrest is contained in the lower court's order denying his motion.