567 So.2d 1050 (1990)
Stephen A. TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2163.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant, a prisoner in custody under sentence, filed a motion in the trial court under Florida Rule of Criminal Procedure 3.800(a) alleging that the trial court allowed only 96 days of jail time credit against his sentence whereas the defendant alleged he was incarcerated in jail on the charges resulting in his sentence 270 days for which he was entitled to credit. The trial court summarily denied the motion because (1) it failed to comply with Rule 3.850, (2) the issue should have been raised on direct appeal, and (3) the defendant was properly awarded jail time credit under section 921.161(1), Florida Statutes. The defendant appeals. We reverse.
A motion under Rule 3.800(a) need not conform to the procedural requirements of Rule 3.850. A defendant may seek proper jail time credit by post sentencing motion under either Rule 3.850 or 3.800(a). See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987).
*1051 In his verified 3.800(a) motion for jail time credit, the defendant swore that he was incarcerated in jail on the charges in this case from February 8, 1987 to May, 1987 and from September 29, 1987 until April 26, 1988 or a total of 270 days. As opposed to this sworn allegation the record on appeal contains nothing indicating that the defendant was entitled to only 96 days credit. The sworn allegation was sufficient to create a factual issue as to the proper amount of jail time credit and therefore, the motion should not have been summarily denied. The summary denial is hereby reversed and the case remanded with directions that the defendant be given an opportunity at an evidentiary hearing to establish the truth of his factual allegations as to the time he spent in the county jail before sentencing for which he is entitled to credit against his sentence pursuant to section 921.161(1), Florida Statutes.
REVERSED and REMANDED.
COWART, GOSHORN and PETERSON, JJ., concur.