579 So.2d 326 (1991)
James A. SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1504.
District Court of Appeal of Florida, Fifth District.
May 9, 1991.
James A. Sanders, Starke, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We affirm the trial court's denial of defendant's petition to allow credit for jail time without prejudice to the defendant to file a motion pursuant to rule 3.800(a) or rule 3.850 of the Florida Rules of Criminal Procedure. Terry v. State, 567 So.2d 1050 (Fla. 5th DCA 1990). We affirm the denial of defendant's petition on the ground that the petition does not specifically state when defendant was tried or, if applicable, when he entered a plea and was convicted and sentenced on the Orange County charges. The only specific information furnished by defendant is the date of his arrest. Because of this failure this court is unable to establish how many days of jail credit defendant is claiming that he has been denied. In Terry, the defendant did specify all of these matters in his motion and we ordered that defendant be afforded an evidentiary hearing.
We note that a claim by a defendant that he did not receive all of his jail time credit attacks the sentence as being illegal and this matter can be raised at any time and is not barred by the sixty-day time stricture of rule 3.800(b). Martin v. State, 525 So.2d 901, 902 (Fla. 5th DCA 1987).
Accordingly, we affirm the denial of defendant's petition without prejudice to raise the issue of the number of days of jail time credit to which he is entitled under a proper *327 motion filed under either rule 3.800(a) or rule 3.850.
AFFIRMED.
HARRIS, GRIFFIN and DIAMANTIS, JJ., concur.