610 So.2d 737 (1993)
Jacob F. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03001.
District Court of Appeal of Florida, Second District.
January 13, 1993.
James Marion Moorman, Public Defender, Bartow, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
*738 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
We affirm the appellant's sentences as a habitual felony offender following revocation of his probation pursuant to King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. den., 602 So.2d 942 (Fla. 1992), but remand for recalculation of jail credits.
In circuit court case number 90-10492, the appellant is to be given credit for time served and earned gain time accrued during his prior imprisonment on this case in accordance with State v. Green, 547 So.2d 925 (Fla. 1989).[1] The trial judge gave him credit only for the days actually served. He is also to be given credit for jail time served while awaiting his probation violation hearing, but only if he did not receive such credit in the companion circuit court case number 90-2777. See Daniels v. State, 491 So.2d 543, 545 (Fla. 1986) (defendant sentenced to consecutive imprisonment not entitled to credit in each sentence for time spent in jail awaiting disposition).
Affirmed; remanded.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Section 948.06(6), Florida Statutes (Supp. 1990), has been enacted to counter State v. Green, 547 So.2d 925 (Fla. 1989). The appellant's offense was, however, committed before the effective date of the statute.