610 So.2d 737 (1993)
John HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04104.
District Court of Appeal of Florida, Second District.
January 13, 1993.
PER CURIAM.
John Hayes appeals the denial of his motion to allow credit for jail time. He cited Florida Rule of Criminal Procedure 3.800(a) and section 921.161(1), Florida Statutes (1991), as authority for the motion. We reverse.
Appellant alleges that at the time the court imposed sentence, it permitted credit for the 315 days he spent in Manatee County jail awaiting sentencing in this Hillsborough County case. He now claims in his unsworn motion that he did not receive credit for that time. The trial court denied the motion without attachments.
We are unable to discern from the order of denial whether the allegations could be substantiated or refuted by the records before this trial court or only from factual matters outside this trial court's records. It may be that the written sentence, sentencing transcript or other document in the trial court's files indicates that the appellant was not entitled to the 315 days' credit and that the court did not award the credit at sentencing. It is also possible that only the files of Manatee County evidence whether the appellant was entitled to presentence jail time or that appellant's entitlement could be determined by only factual matters not contained in any file or record. If the files before this trial court do not contain any document that either refutes or substantiates the allegations of the motion, then the trial court should deny the motion but permit the appellant to file a sworn motion pursuant to rule 3.850 setting forth any facts outside the record which support his claim. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993).
Accordingly, we reverse the order of denial and remand for further proceedings. Should the trial court again deny the motion it must either attach portions of its records or files that refute appellant's allegations or permit the appellant to file a sworn motion pursuant to rule 3.850. If the appellant is aggrieved by the subsequent action of the trial court, he must file a notice of appeal within thirty days to obtain further appellate review.
Reversed and remanded.
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.