616 So.2d 129 (1993)
Joseph LITTLEJOHN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00221.
District Court of Appeal of Florida, Second District.
March 24, 1993.
PER CURIAM.
Joseph Littlejohn appeals the denial of his motion to correct sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Appellant claims he received credit for only nine days spent in jail awaiting sentencing in this felony petit theft case, 92-11979. He claims he is entitled to 93 additional days' credit for the time he spent in jail from May 6, 1992, through August 6, *130 1992, in case 92-11347. He alleges that 92-11347 was enhanced to a felony in 92-11979 and that the cases are the same.
The trial court denied the motion, stating that the defendant was not arrested in 92-11979 until September 1, 1992. The trial court attached a computer printout verifying the arrest date. Both the appellant and the trial court agree that sentencing occurred in 92-11979 nine days later on September 9, 1992. If the charges in each case represent different thefts, the court ruled correctly. See Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). If not, the court erred.
The printout does not refute the allegation that the offenses were the same. The copy of the information in 92-11979, which was provided by the appellant, tends to substantiate his allegations. It charges that the third petit theft occurred on May 6, 1992, which was the same day the appellant allegedly began serving time in 92-11347. We do not have copies of any documents contained in 92-11347, and the state did not inform us in its response whether the theft in 92-11347 is the same theft giving rise to the charges in 92-11979.
Accordingly, we reverse the order of denial and remand the case for further proceedings. Should the trial court again deny the motion, it should attach portions of the record and files refuting the appellant's allegations. If the files before this trial court do not contain any document that either refutes or substantiates the allegations, then the trial court should deny the motion without prejudice and permit the appellant to file a sworn motion pursuant to rule 3.850. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993); Hayes v. State, 610 So.2d 737 (Fla. 2d DCA 1993). The appellant must file a timely notice of appeal to obtain further appellate review of any subsequent action of the trial court.
Reversed and remanded.
CAMPBELL, A.C.J., and ALTENBERND and BLUE, JJ., concur.