619 So.2d 378 (1993)
STATE of Florida, Appellant,
v.
Lawrence S. BROWN, Appellee.
No. 92-03920.
District Court of Appeal of Florida, Second District.
May 26, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender and Megan Olson, Asst. Public Defender, Bartow, for appellee.
HALL, Acting Chief Judge.
The state contends the trial court erred in granting the appellee's motion to suppress because the appellee consented to the search in question. We agree and reverse.
As the trial court found, there was a valid stop for a tag violation, which was not contested by the appellee. The trial court then, without considering the appellee's consent to the search, granted the motion to suppress based on the lack of danger to the officer which would justify the search.
After the stop, the officer asked the appellee to step out of the vehicle, and the appellee complied. The officer then asked the appellee if he had any weapons, to which the appellee replied, no. Next, the officer asked the appellee if he would mind if the officer looked through his vehicle. The appellee gave the officer permission to look in the vehicle. Upon so looking, the officer noticed a piece of rock cocaine in plain view, where the appellee had been sitting.
There appears to be no dispute as to the appellee's consent to the search of the vehicle; however, the appellee contends that the consent was rendered involuntary because he was detained illegally beyond the time necessary to issue a traffic citation. The record reflects a continuous sequence of events between the legal stop and the ensuing consent to search. We, therefore, find no merit in the appellee's contention.
Since there was a proper stop and consent to search, the trial court erred in suppressing the search on the basis of lack of danger to the officer. See State v. Govea, 514 So.2d 80 (Fla. 3d DCA 1987).
Accordingly, this case is reversed and remanded with directions to set aside the order granting the appellee's motion to suppress.
THREADGILL and PATTERSON, JJ., concur.