619 So.2d 378 (1993)
Barney YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01318.
District Court of Appeal of Florida, Second District.
May 26, 1993.
*379 PER CURIAM.
Barney Young appeals the summary denial of his motion to correct sentence. We reverse.
The motion is directed to life sentences entered in 1975. The trial court denied the motion as untimely; accordingly, it did not address the motion on its merits. We find that the motion sets forth a prima facie showing of Young's entitlement to relief, in that he alleges he was convicted only of unarmed robbery, a second degree felony. Cf. Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988). While one might question why it took Young eighteen years to discover such a claim, a motion seeking correction of an illegal sentence may be filed at any time. Fla. R.Crim.P. 3.800(a). Though Young used the model form for rule 3.850 motions (subject to a two-year limitations period), the court should have treated the motion as if filed pursuant to rule 3.800(a). DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981).
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively rebuts Young's claim. If so, the court may again deny the motion, attaching to its order whatever exhibits it has relied upon. Any party aggrieved by the subsequent actions of the trial court must file a timely notice to obtain further appellate review.
Reversed.
FRANK, A.C.J., and THREADGILL and PATTERSON, JJ., concur.