622 So.2d 628 (1993)
Richard Scott ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2056.
District Court of Appeal of Florida, First District.
August 16, 1993.
Nancy A. Daniels, Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey and Michelle Konig, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, Richard Scott Roberts, challenges the sentence imposed following his plea of nolo contendere to second degree murder. Specifically, appellant asserts error in the trial court's supplemental sentencing order denying jail credit for time appellant spent in a private psychiatric hospital prior to trial. For the reasons set forth below, we affirm the trial court's denial of credit.
The appellant was 17 years old when he was arrested and indicted on a charge of first degree murder. While in county jail awaiting trial, appellant allegedly exhibited signs of depression and anxiety. Consequently, appellant filed a motion proposing that he be admitted, at his family's expense, for evaluation and treatment at Rivendell Psychiatric Hospital, a private acute care facility in Panama City. At a hearing on the motion, defense counsel conceded that a psychiatric evaluation that had been performed in the interim indicated that there was no necessity for further evaluation, but that a transfer to Rivendell for treatment pending trial "would be helpful." At this point, defense counsel suggested the possibility of fitting appellant with an electronic monitoring device during his stay at Rivendell and, subsequently, counsel put on proof establishing the feasibility of electronic monitoring by the Leon County Pretrial Release Program. After hearing argument from counsel, and despite noting the prosecutor's "vehement objection" to the Rivendell arrangement, the trial judge announced his intention to order appellant transported. This was accomplished by means of an order denying appellant's initial motion for release on recognizance, but permitting "continued pretrial detention" under specified terms and conditions.[1]
*629 When appellant eventually pled nolo contendere to second degree murder, he filed a motion for jail credit that included the entire 148-day period of pretrial confinement at Rivendell. After hearing argument at the sentencing hearing, the trial judge denied the motion with a supplemental sentencing order. The trial judge noted that the "express intent" of the Rivendell transfer was "to extend the limits of the confinement of the county jail constructively to said private hospital facility." However, the motion was denied in apparent reliance upon our decision in Morgan v. State, 557 So.2d 605 (Fla. 1st DCA 1990), which the trial judge interpreted as limiting jail credit to those who are involuntarily committed to a state mental institution as opposed to a private hospital.
On appeal, the appellant argues that Morgan is distinguishable, and that the trial judge should have awarded jail credit under Tal-Mason v. State, 515 So.2d 738 (Fla. 1987). The state responds that the reasoning employed in Tal-Mason is consistent with the denial of credit, even though credit was awarded under the facts of Tal-Mason.
Section 921.161(1), Florida Statutes (1991), provides that a defendant shall be credited "for all of the time he spent in the county jail before sentence." Credit may be awarded, however, even where pretrial detention is in some place other than the county jail, as the statute has been held to require credit "for time served prior to conviction in any institution serving as the functional equivalent of a county jail." Tal-Mason, 515 So.2d at 740 (emphasis in original). Thus, in Tal-Mason, the supreme court held that a defendant who was committed to a state mental institution after having been deemed incompetent to stand trial was entitled to jail credit for the five years he spent in state custody undergoing treatment prior to trial.
We agree with appellant that our opinion in Morgan, supra, is not dispositive of the instant case. In Morgan, the defendant sought credit for time spent in a private hospital prior to his formal arrest. We affirmed the denial of credit in Morgan, not because the time was spent in a private as opposed to a state facility as suggested by the trial court below, but because there was no indication that charges were pending during Morgan's hospital stay. In short, the hospital was not "the functional equivalent of a county jail," as explained in Tal-Mason, where no charges were pending and the defendant was not awaiting trial or sentencing.
Though we agree with the appellant that Tal-Mason provides more guidance on the question of jail credit, we do not find that the supreme court's opinion requires an award of credit under the peculiar facts of the instant case. Appellant emphasizes the totality of his confinement at Rivendell, arguing that this was the basis for the award of credit in Tal-Mason. It is true that the supreme court emphasized the extent to which Tal-Mason's confinement constituted "a complete deprivation of liberty" in which the state "assumed total, if constructive, custody ... as though he were in the county jail." Tal-Mason, 515 So.2d at 739, 740. It is also true, however, that the confinement must be coercive or involuntary. Distinguishing its earlier decision in Pennington v. State, 398 So.2d 815 (Fla. 1981), the supreme court emphasized that Tal-Mason's confinement was not of his choosing, nor was it the product of any agreement with the state. Id. at 739. Thus, the deprivation of liberty, in addition to being "complete," must also be "coercive." See Tal-Mason, 515 So.2d at 739 (emphasis in original).
Even if it could be said that total custody was achieved under the Rivendell arrangement, the transfer was clearly not coercive or involuntary. Far from being *630 thrust upon appellant, the Rivendell transfer was done at appellant's instigation. Appellant went to great lengths to gain the trial court's approval, agreeing to pay all costs of the hospitalization. When questions arose concerning the security of the facility, it was appellant who suggested electronic monitoring, established the feasibility of such technology, and agreed to pay for same. All of this was over the vehement objection of the prosecutor, who argued to the trial judge that "it would be a terrible mistake ... to ever even consider a residential facility which is nothing more than a means of getting out of the county jail." In short, Rivendell was not "the functional equivalent of a county jail," where appellant's transfer was not coercive or involuntary.
Accordingly, the trial court's denial of jail credit is AFFIRMED.
BOOTH, MINER and ALLEN, JJ., concur.
NOTES
[1] The terms and conditions of the transfer included the following: (1) 24-hour electronic monitoring by the Leon County Pretrial Release Program; (2) Rivendell's written commitment to confine appellant to the maximum extent of its security; (3) appellant must not leave Rivendell except pursuant to court order; and (4) in addition to paying for Rivendell, appellant's family would bear all costs of electronic monitoring and transport.