PER CURIAM.
Jerry Lewis Smith appeals the denial of his motion to allow credit for presentence jail time. We reverse.
Appellant claims that he is entitled to 717 days’ credit for time spent in Pinellas County jail awaiting sentencing in three separate cases in which he received concurrent sentences. The trial court denied the motion without attachments from the files and records. This court is unable to determine without any attachments whether Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1989), justifies denial. We also note that the files before this trial court should contain documents that either refute or substantiate the appellant’s claim. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993); Hayes v. State, 610 So.2d 737 (Fla. 2d DCA 1993).
Accordingly, we reverse the trial court’s order and remand for further proceedings. If the trial court again denies the request for additional jail credit, it must either attach portions of its record that refute the appellant’s allegations or permit the appellant to file a sworn motion pursuant to Florida Rule of Criminal Procedure 3.850. If the appellant is aggrieved by any subsequent action of the trial court, he must file a timely notice of appeal to obtain further appellate review.
Reversed and remanded.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.