632 So.2d 668 (1994)
Michael A. HAGGERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0120.
District Court of Appeal of Florida, Fourth District.
February 23, 1994.
Michael A. Haggerty, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In denying appellant's motion for jail time credit filed pursuant to rule 3.800(a), the trial court stated "The calculation is correct. The remaining time was served pursuant to a Palm Beach County sentence on a different charge." The trial court did not attach any supporting portions of the record to the order. Because we adopt the requirement on orders summarily denying relief on rule 3.800(a) motions, that the trial court must attach portions of the record sufficient to refute allegations of a facially sufficient motion to correct an illegal sentence, see Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994), we reverse and remand for further proceedings.[1] Should the trial court on *669 remand again determine that the motion should be denied, the order of denial must be supported by portions of the record refuting the claim for additional jail time credit. See Littlejohn v. State, 616 So.2d 129 (Fla. 2d DCA 1993). If the trial court determines that the files before it do not contain documentation that either refutes or substantiates appellant's claim, then the trial court may deny the motion without prejudice to appellant's right to file a sworn motion for postconviction relief on the same ground pursuant to rule 3.850, Florida Rules of Criminal Procedure. Id. at 130, citing Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993).
Reversed and remanded for further proceedings.
DELL, C.J., and STONE and WARNER, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.140(g) was recently amended to allow for appeals from Rule 3.800(a) orders in the same summary fashion as is allowed from Rule 3.850. Although Rule 3.800(a) was not amended to require the same attachment of record support for the order so that the expedited review process many be accomplished, our adoption of the record requirement is essential to the simplified review under the rule as amended.