634 So.2d 175 (1994)
Stanley THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-345.
District Court of Appeal of Florida, First District.
February 23, 1994.
*176 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING OR CLARIFICATION
JOANOS, Judge.
Appellee, the State of Florida, seeks rehearing or clarification of the opinion issued September 22, 1993, which affirmed the trial court's denial of appellant's motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, but reversed the denial of appellant's motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). See Thomas v. State, (Fla. 1st DCA 1993) [18 Fla. L. Weekly D2096]. We deny the motion for rehearing, but grant the motion for clarification. The prior opinion is withdrawn, and the following is substituted therefor.
Appellant, Stanley Thomas, appeals the summary denial of his motion to correct an allegedly illegal sentence, under the provisions of Florida Rule of Criminal Procedure 3.800(a). He claimed entitlement to 625 days credit for jail time served, rather than the 247 days awarded by the trial court. Appellant also appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged his trial counsel provided ineffective assistance. We affirm the order denying the rule 3.850 motion, without discussion; however, we reverse the order denying the rule 3.800(a) motion, and remand for further proceedings.
In a sworn motion, appellant alleged that he was incarcerated in the county jail for the charges in this case from June 25, 1989, until January 24, 1990, and from February 7, 1990, until April 26, 1991, thereby entitling him to credit of 625 days for these periods of time. The trial court denied the motion to correct an illegal sentence, finding appellant failed to meet his burden of proving that he is entitled to additional credit for jail time served, in that he failed to provide record evidence to support his contention. Based upon its consideration of the case file and relevant law, the trial court found appellant's motion failed to establish sufficient grounds for relief.
Because we concluded appellant's allegations concerning jail-time credit warranted further inquiry, we requested the Attorney General's staff to respond to the allegations of appellant's rule 3.800(a) motion. The state's brief argues that (1) appellant failed to support his prima facie case with appropriate documents; and (2) under rule 3.800(a), the state and trial court are not required to determine the amount of presentence time a prisoner served.
At the outset, appellant's entitlement to credit for jail-time served arises from section 921.161, Florida Statutes, which provides in pertinent part:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
(2) In addition to other credits, a person sentenced to imprisonment in custody of *177 the Department of Corrections shall receive credit on his sentence for all time spent between sentencing and being placed in custody of the department... .
Florida Rule of Criminal Procedure 3.800(a) does not state in express terms that the trial court must attach portions of the record to refute allegations of a facially sufficient motion to correct illegal sentence. However, the district courts of appeal subscribe to the attachment requirement with respect to rule 3.800(a) proceedings. See, e.g., Ransom v. State, 601 So.2d 279 (Fla. 1st DCA 1992); Baranko v. State, 516 So.2d 332, 333 n. 1 (Fla. 1st DCA 1987); Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993); Littlejohn v. State, 616 So.2d 129 (Fla. 2d DCA 1993); Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993); Hayes v. State, 610 So.2d 737 (Fla. 2d DCA 1993); Sampson v. State, 598 So.2d 211 (Fla. 2d DCA 1992); Terry v. State, 567 So.2d 1050 (Fla. 5th DCA 1990). In Inclima, the court observed that "[t]his requirement is now specifically contained in Florida Rule of Appellate Procedure 9.140(g), which became effective on January 1, 1993."[1]
We recognize there are situations where the circuit court would have no information as to jail-time credit due. However, here the trial court awarded appellant credit of 247 days for jail-time served, suggesting that this case does not fall within that category of "silent record" cases.
A rule 3.800(a) motion is the appropriate vehicle for an award of jail-time credit when the issue can be determined by the trial court through a review of its records. Thomas, 611 So.2d at 601; Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992). Generally, a rule 3.800(a) motion for award of jail-time credit is deemed facially sufficient when the defendant provides the commencement date of the sentence against which credit is due, together with the dates for which jail-time credit is claimed. See Morgan v. State, 557 So.2d 605, 606 (Fla. 1st DCA 1990); Baranko, 516 So.2d at 333 n. 1; Littlejohn, 616 So.2d at 130; Thomas, 611 So.2d 211; Mathews v. State, 596 So.2d 79 (Fla. 2d DCA 1991); Sanders v. State, 579 So.2d 326 (Fla. 5th DCA 1991); Terry, 567 So.2d 1050.
Appellant in this case alleged the specific dates and periods of time involved in his claims for jail-time credit, thereby suggesting the issue is determinable by a review of the circuit court records. In fact, the state recognizes that appellant presented a facially sufficient claim for correction of sentence. It is clear that the trial court is in a better position to provide portions of the record which support the court's ruling on a jail-time credit motion than is the incarcerated defendant. In the particular circumstances of this case, the jail-time credit question is proper for consideration under rule 3.800(a).
Accordingly, the order denying appellant's rule 3.800(a) motion is reversed. Upon remand, if the trial court again determines the rule 3.800(a) motion should be denied, the order should be supported by those portions of the record which refute appellant's claim of entitlement to additional jail-time credit. If the circuit court record is silent with regard *178 to jail-time credit, the order denying the motion should note the absence of any information as to credit due for jail-time served.
SMITH and KAHN, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.140(g), provides:

An Appeal from an order denying relief under either Florida Rule of Criminal Procedure 3.800(a) or 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record, conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the state before ruling.
The Committee Notes to the 1992 Amendment explain:
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.