PER CURIAM.
Wayland Lee Webb appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims, in addition to other things, entitlement to 313 days credit for time served and 143 days credit for earned gaintime in addition to the amount awarded by the trial court. The state in its response to the motion to correct sentence accurately noted that appellant was incorrectly claiming credit for the 244 days credit awarded by the trial court and the component parts of the 244 days credit (i.e., 57 days for time served for violation of probation, 75 additional jail credit, and 112 days jail time credit). The state, however, did not address appellant’s claim of entitlement to 313 days credit for time served and 143 days for gain-time earned during that period. The trial court’s order denying the Motion for Correction of Sentence “for the reasons set forth in the State’s response” and attachment of the state’s response was therefore insufficient to refute the motion.
This court has held that the trial court must attach portions of the record sufficient to refute the allegations of a facially sufficient motion to correct illegal sentence. Fann v. State, No. 93-3039, 1994 WL 201455 (Fla. 1st DCA May 25, 1994); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994); Jones v. State, 635 So.2d 41 (Fla. 1st DCA 1994); Small v. State, 535 So.2d 622 (Fla. 1st DCA 1988); see also Haggerty v. State, 632 So.2d 668 (Fla. 4th DCA 1994); Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993); Young v. State, 619 So.2d 378 (Fla. 2d DCA 1993).
Accordingly, the order denying appellant’s rule 3.800(a) motion is reversed. Upon remand, if the trial court again determines the rule 3.800(a) motion should be denied, the order should be supported by those portions of the record which refute appellant’s claim of entitlement to additional credit of 313 days for the time he served in prison from September 1, 1989 until July 10, 1990 and credit for 143 days for gaintime earned pursuant to section 944.275(3)(b), Florida Statutes. If the circuit court record is silent with regard to credit for time served, the circuit court may deny the motion without prejudice to appellant’s right to file a sworn motion for post-conviction relief on the same ground pursuant to rule 3.850, Florida Rules of Criminal Procedure. Haggerty v. State, 632 So.2d 668 (Fla. 4th DCA 1994); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994) (order denying the motion should note the absence of any information as to credit due for time served).
ERVIN, WOLF and KAHN, JJ., concur.