654 So.2d 1017 (1995)
Joseph Carl WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1693.
District Court of Appeal of Florida, First District.
May 12, 1995.
*1018 Joseph Carl Wiggins, pro se.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Joseph Wiggins appeals the trial court's summary denial of his motion to correct illegal sentence, claiming he was entitled to additional credit for time served. We reverse and remand, because the trial court failed to attach portions of the record to support its order.
Wiggins is entitled to credit on his concurrent sentences for time served between his arrest for violating probation and his commitment to custody. Daniels v. State, 491 So.2d 543 (Fla. 1986). In his motion filed under Florida Rule of Criminal Procedure 3.800(a), Wiggins alleged the commencement date of his sentence and the periods for which he is claiming jail-time credit, thus his motion was facially sufficient. Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994) (on rehearing). Consequently, the trial court must support its differing determination regarding such credit with portions of the record. Id. at 177. Because the court failed to do so, we reverse and remand. Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992). We reject Wiggins' claim that the period of time served runs from the date the detainer was filed. Id.
If the trial court on remand cannot resolve this issue from the circuit court records, Wiggins should be directed to file a sworn motion under Florida Rule of Criminal Procedure 3.850. Webb v. State, 642 So.2d 782 (Fla. 1st DCA 1994).
REVERSED and REMANDED for further proceedings consistent with this opinion.
MINER, J., concurs.
BENTON, J., concurs in result only.