PER CURIAM.
George Kennedy appeals from a final judgment of dissolution, alleging several points of error. We find merit in Mr. Kennedy’s assertion that there is no adequate basis in the record to support the trial court’s award of rehabilitative alimony. We reverse that award and remand to the trial court for further proceedings.
The record in this case is devoid of evidence that the former wife contemplates any retraining, further education, or other “rehabilitation” to enhance her earning ability. Ms. Kennedy worked prior to and throughout most of the more than seven years she was married to Mr. Kennedy, and she testified at the hearing that she intended to remain indefinitely in the clerical position she held at the time the parties separated. An award of rehabilitative alimony is, therefore, inappropriate. See Green v. Green, 650 So.2d 181 (Fla. 1st DCA 1995); Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994).
We remand to the trial court for further proceedings consistent with this opinion. Given our reversal of the award of rehabilitative alimony, the trial court may, at its discretion, reconsider the economic distribution effected by the remaining provisions of the final judgment, as well as the amount of life insurance necessary to secure the husband’s permanent periodic alimony obligation. See Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989).
ERVIN, MINER and BENTON, JJ., concur.