PER CURIAM.
Appellant seeks review of an order denying his request, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), for credit for time spent in jail pending the conclusion of a probation revocation proceeding. This is the second time that the case has been before us. The first time, we reversed the trial court’s denial of the motion, and remanded with directions that the trial court attach to its order those portions of the record which support its decision. Wiggins v. State, 654 So.2d 1017 (Fla. 1st DCA 1995). On remand, the trial court again denied the motion. We again reverse. _
From our review of the record, we conclude that appellant is entitled to credit for 36 days spent in jail in 1986, prior to the initial disposition of the charges which resulted in his being placed on probation, and to an additional 463 days attributable to the period between receipt by the Department of Corrections of the arrest warrant for violation of probation and conclusion of the probation revocation proceeding. (When the arrest warrant was issued, appellant was serving a sentence for an unrelated offense, in the Jackson Correctional Institution.) See Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989) (when determining entitlement to jail credit on concurrent sentence, defendant already in custody on unrelated charges must receive jail credit from date custodian receives warrant). Therefore, appellant is entitled to credit for a total of 499 days. Accordingly, on remand, the trial court is directed to enter an amended order of revocation of probation and an amended judgment, giving appellant credit for 499 days.
REVERSED and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.