PER CURIAM.
Appellant, Peter Clemente, has timely appealed the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he claimed entitlement to fourteen days of jail time credit for time served prior to the imposition of his original probationary sentence. Appellant filed the motion for postconviction relief following his sentencing for violation of that probationary sentence, which resulted in a sentence of 3% years in prison.
Appellant is entitled to credit for jail time served prior to the initial disposition of the charges which resulted in his being placed on probation. See Wiggins v. State, 670 So.2d 160 (Fla. 1st DCA 1996); Tomiuk v. State, 663 So.2d 681 (Fla. 5th DCA 1995).
The trial court summarily denied appellant’s motion, stating that appellant had been given the correct amount of credit for time served. However, without record attachments, this court cannot adequately review the order. The state has conceded that the case should be remanded to the trial court for attachments of portions of the record showing that appellant did receive the amount of credit to which he is entitled.
We reverse and remand for attachment of the portions of the record refuting appellant’s claim, or for resentencing whereby appellant is awarded the amount of jañ time credit to which he is entitled.
REVERSED AND REMANDED.
GUNTHER, WARNER and PARIENTE, JJ., concur.