PER CURIAM.
George Whitaker (Appellant) appeals an order summarily denying his motion for correction of sentence for jail-time credit, in which the trial court did not give a reason for the denial or attach any portions of the record to refute the allegations.
Despite the state’s concession, in response to this court’s order to show cause, that the case should be remanded for the attachment of files and records showing Appellant is not entitled to relief, we determine that because Appellant’s motion failed to allege the dates for which credit was claimed and did not make it clear against which of these sentences he sought the credit, his motion was not facially sufficient. See Haggerty v. State, 632 So.2d 668 (Fla. 4th DCA 1994); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994). Our affirmance is without prejudice to his filing a facially sufficient rule 3.800(a) motion. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998) (requiring movant affirmatively to allege that court records demonstrate on their face movant’s entitlement to relief); Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998) (interpreting requirement to mean more than eonclusory allegations). Compare Thomas, 634 So.2d at 177 (“Appellant in this case alleged the specific dates and periods of time involved in his claims for jail-time credit, thereby suggesting the issue is determinable by a review of the circuit court records.”).
Therefore, we affirm without prejudice to appellant’s filing a facially sufficient rule 3.800(a) motion for the same relief. If he files one and the trial court determines that the court files do not contain documentation that either refutes or substantiates Appellant’s claim, then the trial court’s denial should be without prejudice to Appellant’s right to file a rule 3.850 motion for postcon-viction relief raising the same ground, see Haggerty, 632 So.2d at 669, unless that relief was already time-barred at the time he filed the instant motion.
POLEN, FARMER and SHAHOOD, JJ., concur.