PER CURIAM.
Appellant raises three issues in this appeal from his judgment and sentence following revocation of probation. We affirm without discussion as to appellant’s first claim, that the trial court abused its dis *693 cretion in determining that appellant willfully and substantially violated his probation. We reverse, however, as explained below on appellant’s other two issues.
When appellant was sentenced, the court did not use appellant’s original score-sheet. Instead, it used a revised score-sheet with 30 legal status points added to it, points which the state concedes are erroneous. A correctly calculated score-sheet would have shown a recommended and permitted range two cells lower than appeared on the erroneous scoresheet upon which appellant’s sentence was based. The error was not harmless in this case. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991), approved on other grounds, 586 So.2d 340 (Fla.1991). Because we cannot be sure what sentence the court would have imposed using the correct scoresheet, we vacate appellant’s sentence and remand for resentencing with a corrected scoresheet. See Parrish v. State, 617 So.2d 1170 (Fla. 5th DCA 1993); Sellers, 578 So.2d at 341.
Appellant also argues that the court erred in denying his request for additional jail credit. After imposition of judgment and sentence, appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800, requesting the award of additional jail credit toward his sentence and citing the pertinent arrest dates for the claim and other related information. The court erred in denying the claim as facially insufficient. See Whitaker v. State, 729 So.2d 482 (Fla. 4th DCA 1999); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994). Accordingly, we reverse and remand for the court to determine the proper amount of jail credit to which appellant is entitled. In addition, in light of the state’s argument in its answer brief, the court should consider whether to award jail credit for time incarcerated in another jurisdiction for the Florida offense. See Kronz v. State, 462 So.2d 450 (Fla.1985). Accord Tyson v. State, 773 So.2d 593 (Fla. 1st DCA 2000) (reversing portion of order denying request for credit for time in custody in Illinois awaiting extradition to Florida for violation of probation for consideration of Kronz procedure); DeGeso v. State, 771 So.2d 1264 (Fla. 2d DCA 2000) (reversing under Kronz because trial court did not understand its discretion to award jail credit for time served in another jurisdiction).
Affirmed in part; reversed in part; and remanded with directions.
MINER, DAVIS and POLSTON, JJ., CONCUR.