PER CURIAM.
The appellant challenges the trial court’s order summarily denying his rule 3.850 motion for jail credit for time spent in a foreign jail and for jail credit for time spent in a Florida jail in another county. The appellant’s request for foreign jail credit is not sufficient, because the appellant has failed to allege that he was held in that foreign jail solely on Florida charges. See Kronz v. State, 462 So.2d 450, 451 (Fla.1985). Therefore, the trial court’s summary denial of the appellant’s claim of foreign jail credit is affirmed.
*991 The appellant’s claim for jail credit for time spent in a Florida jail in Okaloosa County is facially sufficient because the appellant complied with the pleading requirements for a facially sufficient claim. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994). Because the trial court failed to attach any records refuting the appellant’s allegations, the trial court’s summary denial of the appellant’s claim for jail credit from another county is reversed and remanded for record attachments that conclusively refute his claim, or for further proceedings.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, KAHN, and BROWNING, JJ., concur.