PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion seeking jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute Appellant’s claim, we reverse.
Appellant made a facially sufficient claim for jail credit under rule 3.800 by providing the dates for which he is seeking credit and the date of his sentence, and alleged that the jail certificate would show that he is entitled to credit. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); State v. Mancino, 714 So.2d 429, 433 (Fla.1998). Appellant alleges that he is entitled to 821 days of jail credit for the time he spent in Dade and Jackson County jails as the result of his arrest on Washington County charges. The trial court stated that it denied Appellant’s motion after consulting with the Washington County Sheriffs Department. However, the trial court failed to attach any supporting documentation from the Washington County’s Sheriffs Department or elsewhere to support its order.
We therefore reverse the trial court’s summary denial of Appellant’s motion for jail credit and remand for the trial court to attach jail certificates or other portions of the record that conclusively refute Appellant’s claim or to grant additional credit as the record dictates.
REVERSED and REMANDED.
BOOTH, BENTON and LEWIS, JJ., concur.