864 So.2d 1282 (2004)
Gary KOESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4406.
District Court of Appeal of Florida, First District.
February 6, 2004.
Appellant, pro se.
*1283 Charlie Crist, Attorney General, Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's denial of his motion seeking additional jail credit, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellate record does not conclusively refute the appellant's claim, we reverse.
The appellant made a facially sufficient claim for jail credit pursuant to rule 3.800(a) by providing the dates for which he is seeking credit and the date of his sentence, and alleging the specific record portions that would show that he is entitled to credit. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); State v. Mancino, 714 So.2d 429, 433 (Fla.1998). According to the appellant, he is entitled to 104 days of jail credit but he was only awarded 30. When a trial court denies such a claim made pursuant to rule 3.800(a), it must either attach to the order those portions of the record which refute the claim or, if the record is silent regarding the amount of jail credit, so state. Thomas, 634 So.2d at 177-78. The trial court did neither. Accordingly, we reverse and remand. Should the trial court again determine that the claim lacks merit, it shall ensure that its order denying relief complies with this opinion.
REVERSED and REMANDED.
ALLEN, WEBSTER and BENTON, JJ., concur.