916 So.2d 974 (2005)
Ozzie Lee ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2634.
District Court of Appeal of Florida, First District.
December 21, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his postconviction motion attacking the legality of his sentence. Although filed pursuant to rule 3.850, we treat the appellant's untimely 3.850 motion as if it were filed pursuant to rule 3.800. See Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000). The appellant claims his sentence is illegal because after he began serving the 25-year sentence initially imposed, the trial court resentenced him to life imprisonment in violation of Ashley v. State, 850 So.2d 1265 (Fla.2003). The *975 trial court asserts that the resentencing occurred to correct a scrivener's error. However, as the State concedes, the trial court did not attach record portions supporting its assertion. We accordingly reverse the trial court's summary denial of the appellant's motion and remand for the trial court to attach appropriate record portions, or if the claim cannot be discerned from the record, the trial court must so state. Koester v. State, 864 So.2d 1282 (Fla. 1st DCA 2004).
REVERSED.
WEBSTER, BROWNING and POLSTON, JJ., concur.