TAYLOR, J.
After the jury began deliberations in this criminal trial, the presiding judge received a note from a juror stating that she knew one of the witnesses who testified during the trial. The court dismissed the juror. Unable to contact the alternate juror, the court informed the defendant that he could agree to continuing the trial with five jurors or ending it with a mistrial. The court allowed the defendant an opportunity to confer with counsel about his options. The defendant decided to proceed with five jurors. Thereafter, the court inquired into the defendant’s decision:
Mr. Hetherington: Judge, Mr. Evans indicated that five jurors is — is fine with him; is that correct, Mr. Evans?
The Court: Sir, if you’d step up to the podium for me if you would? Okay, Mr. Evans, obviously you’re aware that we have a bit — a bit of a difficulty at this point losing one juror, you — you have the — you have the absolute right to proceed in this case with a full jury of six, do you understand that?
The Defendant: Yes, sir.
The Court: And in order to convict you, that jury would have to agree unanimously on a verdict in order to return a verdict of guilty, do you understand, sir?
The Defendant: Yes, sir.
The Court: If you agree to go with five jurors, then it would only require the vote of five to return a verdict either way, do you understand that, sir?
The Defendant: Yes, sir.
The Court: Now, there’s no “words of wisdom” on this, apparently you’ve chatted with — with Mr. Hetherington on this and in those situations where the Defense thought that something had gone wrong for them during the trial, then a mistrial would probably be in the Defense benefit because they’d get another chance to go through and correct whatever went wrong for them during the trial; in a situation where everything went according to plan for the Defense, well, then that benefit wouldn’t exist any longer and, of course, the State would *170 now know everything that the Defense had planned during the course of the case, so, there’s no right or wrong answer to this, so, essentially what you’re trading off is you’re trading off what you believe to be a good Defense presentation at this point or the sixth juror, do you understand that, sir?
The Defendant: Yes, sir.
The Court: Now, if you wish to go forward with the jury of six we cannot get in contact with the alternate at this point, although Mr. Gallo has tried, I certainly would be willing to declare a mistrial and try your case over again with another jury; now, the choice is entirely yours, I have no preference one way or another, it’s your ease, so, have you discussed all of this with Mr. Heth-erington?
The Defendant: Yes, sir.
The Court: And you understand that upon a Defense request I would grant a mistrial?
The Defendant: Yes, sir.
The Court: Now, do you wish to go forward with the jury that you have or do you wish to try this again?
The Defendant: I want to go forward, Your Honor.
The Court: Okay, do you have any questions?
The Defendant: No, sir.
[[Image here]]
The Court: Okay, I’m confident that— I’m confident Mr. Evans knows the benefits and the potential pitfalls here and he’s exercising and formed freewill in deciding to go forward here and as I say, there’s no right or wrong answer. If the case, Mr. Hetherington, went as you hoped it would go for the Defense, then the best scenario for the Defense then we’ll know that obviously now the State has a complete picture of that and, so, they’d be even more prepared the next time around if the case were to be tried again.
After deliberating, the jury returned a verdict of guilty for sale or delivery of cocaine within a thousand feet of a church and possession of cocaine. The defendant was sentenced to six years in prison on the sale/delivery conviction and to five years on the possession conviction, the sentences to run concurrently. The trial court denied the defendant’s request for time served on the charges while awaiting trial. Defendant appeals his judgment of conviction, contending that the trial court failed to conduct an adequate inquiry to ensure that his waiver of a six-person jury was done knowingly, intelligently, and voluntarily. He also appeals the court’s denial of credit for time served.
A defendant has a constitutional right to a trial by jury with at least six jurors under both the Florida and United States Constitutions. See Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978); State v. Griffith, 561 So.2d 528, 530 (Fla.1990) (stating that trial by a six-person jury is mandated in Article I, section 22, Florida Constitution). However, the defendant can waive this right in return for trial by a five-member jury. Blair v. State, 698 So.2d 1210 (Fla.1997). The waiver, of course, must be knowing, intelligent, and voluntary. Id.
Here, after providing defendant with an opportunity to confer with his trial counsel, the trial court conducted an appropriate colloquy with defendant on the record, which demonstrates that his decision to proceed with five jurors was made knowingly, intelligently and voluntarily. We therefore affirm the judgment of conviction.
*171 We conclude, however, that the trial court erred in not crediting the defendant with all the time he spent in county-jail in Florida while awaiting trial on the charges in this case. See § 921.161(1), Florida Statutes; Dunn v. State, 819 So.2d 990 (Fla. 1st DCA 2002). Accordingly, we reverse and remand this cause for the court to award credit for time served.
Affirmed in part; Reversed in part and Remanded.
FARMER and SHAHOOD, JJ., concur.