956 So.2d 1215 (2007)
STATE of Florida, Appellant,
v.
A.L., Appellee.
No. 2D06-2301.
District Court of Appeal of Florida, Second District.
May 18, 2007.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
The circuit court granted A.L.'s motion to suppress marijuana and drug paraphernalia discovered during what the court found to be an illegal stop. The State challenges this order, claiming that the stop was justified and that A.L. consented to the search. We agree and reverse.
At the hearing on A.L.'s motion, a Pasco County Sheriff's Deputy testified that he was patrolling around midnight when he noticed a young man, who appeared to be a juvenile, walking on a public street. When the youth saw the deputy's patrol car, he turned around and began walking in the opposite direction. The deputy decided to investigate what he believed might be a violation of the county's curfew ordinance. He called out to the youth, who then walked over to the patrol car. A.L. identified himself and admitted that he was under the age of eighteen. He said he was walking to his home from a friend's *1216 house. A.L. consented to the deputy's request to conduct a pat-down search. The deputy felt a small bulge in A.L.'s front pants pocket, at which point A.L. spontaneously stated that the "bulge" was a bag of marijuana. A.L. then admitted that there was a small pipe in his other pocket. The deputy retrieved both the bag and the pipe and placed A.L. in his patrol car. He took A.L. home and released him to the custody of his mother.
The State subsequently filed a petition alleging that A.L. was delinquent based on his possession of the drugs and the paraphernalia. A.L. was not charged with violating a curfew ordinance. In fact, he may not have violated any ordinance because it turned out that the deputy had stopped him directly in front of his residence.
The circuit court erred in determining that the stop was illegal and in granting A.L.'s motion to suppress the evidence. Under the circumstances, it was reasonable for the deputy to suspect that A.L. was violating the curfew ordinance.[1] Therefore, the deputy was legally permitted to stop A.L. and investigate. Cf. A.J.M. v. State, 746 So.2d 1222, 1224-25 (Fla. 3d DCA 1999) (noting that officers who observed juveniles "hanging out" after midnight in violation of a curfew ordinance had authority to take the juveniles into custody); see C.H.S. v. State, 795 So.2d 1087, 1091-92 (Fla. 2d DCA 2001) (Altenbernd, J., concurring) (observing that without regard to the constitutionality of a curfew ordinance, an officer discovering teens "hanging out" at 2:30 a.m. should have the authority to stop the children and transport them home).
A.L.'s consent to the pat-down search and his unprompted revelation that he possessed a bag of marijuana and a pipe were voluntary, untainted by an illegal detention. The evidence discovered in the search should not have been suppressed. See State v. Brown, 619 So.2d 378 (Fla. 2d DCA 1993).
Reversed and remanded for further proceedings.
WHATLEY and CANADY, JJ., Concur.
NOTES
[1] The circuit court determined that the deputy did not have "probable cause" to stop A.L. Of course, probable cause is not the standard by which to judge the legality of an investigatory stop. The standard is whether "the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime." Popple v. State, 626 So.2d 185, 186 (Fla.1993) (citing § 901.151, Fla. Stat. (1991)). We believe the circuit court's statement was a "slip of the tongue" and we have analyzed this issue under the correct standard.