538 So.2d 1349 (1989)
Steven Wayne PEARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1309.
District Court of Appeal of Florida, First District.
February 22, 1989.
Michael E. Allen, Public Defender; Paula S. Saunders, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Walter M. Meginniss, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant appeals from summary denial of his Rule 3.800 motion in which appellant complains that the sentences imposed failed to award the amount of jail time credit to which he was legally entitled. We agree and reverse.
Appellant was originally placed on probation on June 8, 1987 on the subject charges (grand theft and battery) in Columbia County.[1] Thereafter, he was arrested for new offenses committed in Hamilton County where he was held in the county jail on those new charges. Pursuant to an affidavit executed on June 26, 1987, charging the appellant with a violation of probation, a warrant was issued therefor. By letter dated July 30, 1987, the Sheriff of Columbia County forwarded the probation violation warrant to the Sheriff of Hamilton County advising the latter to take appellant into custody and to hold him without bond for Columbia County. A copy of such letter was attached to appellant's subject 3.800 motion and bears the mark of a rubber stamp indicating that the letter was received by the Hamilton County Sheriff's office on August 3, 1987. The letter also bears the handwritten notation: "Please put in Jail File." Appellant claims to have been continuously held in the Hamilton County Jail on both the new charges as well as the "hold" from Columbia County until he was sentenced on the Hamilton County cases.[2] Thereafter, he was transported to Columbia County for disposition of the probation violation charge.
On November 16, 1987, the Columbia County Circuit Court revoked probation as to both counts and imposed sentences of incarceration as to both offenses, to run concurrent with each other and concurrent *1350 with the above referred Hamilton County sentence. On the Columbia County sentences, appellant was given only two days jail credit, apparently representing the two days on which the appellant was held in the Columbia County Jail immediately preceding the revocation and sentencing. Although appellant was given credit on the Hamilton County sentences for the time spent in the Hamilton County Jail, he claims he was also entitled to be credited for that jail time on his subsequent Columbia County sentences.
In Daniels v. State, 491 So.2d 543 (Fla. 1986), the Florida Supreme Court held that when a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served. The state asserts that the Daniels holding should not be applied to a situation such as this where the multiple sentences emanate from different counties. We disagree. In a case such as this, where the Columbia County warrant was transmitted to the Hamilton County Sheriff who was holding the defendant in the county jail, the defendant must be deemed to have been in custody under the warrants from both counties, at least for purposes of entitlement to jail credit on concurrent sentencing. Any other conclusion would be inconsistent with the rationale of Daniels.
We, therefore, reverse and remand for proceedings to determine, consistent with this opinion, the jail-time credit to which the appellant is entitled and for appropriate amendment to the subject sentences so as to reflect such credit.
SMITH, C.J., and ERVIN, J., concur.
NOTES
[1] The facts set forth in this opinion are based upon the allegations of appellant's motion and the attachments thereto.
[2] We are unable to determine from the record before us the date on which he was sentenced in Hamilton County.