598 So.2d 215 (1992)
David Michael PRICE, a/k/a Michael Robbins, Appellant,
v.
STATE of Florida, Appellee.
No. 92-205.
District Court of Appeal of Florida, Fifth District.
May 8, 1992.
*216 David Michael Price, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Chief Judge.
This appeal is from a summary denial of a Rule 3.850 motion. We reverse.
The appellant alleges that he was arrested in Volusia County "on or near May 12, 1990." He posted bond on May 13, 1990 and failed to appear at a hearing on August 27, 1990. On October 19, 1990, the appellant was arrested in Alachua County and was charged with an unrelated crime and a parole violation. At that same time, the appellant alleges that a detainer was placed on him for failure to appear in Volusia County.
On February 26, 1991, the appellant was sentenced for the Alachua County offenses to a term of 5 years in the Department of Corrections and was given 129 days credit for time served. On March 13, 1991, the appellant was sentenced in Volusia County to 5 years in the Department of Corrections, to be served concurrent with the Alachua sentence, and was given 4 days credit for time served. The appellant's 3.850 motion seeks jail-time credit against the Volusia County sentence for all the time that he spent in Alachua County pursuant to the Volusia County detainer. The trial court denied the appellant's motion without a hearing and without attaching any records to conclusively show that the appellant was not entitled to relief.[1]
The trial court noted that the appellant received jail-time credit on the Volusia County sentence and held that Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984) controlled the situation. In Green, the court relied on and quoted from Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), approved, 456 So.2d 448 (Fla. 1984), where the court held that concurrent sentences for identical terms do not compel presentence jail-time credit on each sentence. However, the Florida Supreme Court disapproved Green in Daniels v. State, 491 So.2d 543 (Fla. 1986).
We begin our analysis in this case with section 921.161(1), Florida Statutes (1991), which provides in pertinent part that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." In Daniels v. State, 491 So.2d 543, 545 (Fla. 1986), the Florida Supreme Court held that "when, pursuant to section 921.161(1), a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served." (Emphasis in original). See also Bell v. State, 573 So.2d 10, 11 (Fla. 5th DCA 1990) (holding that "[w]hen a defendant receives concurrent sentences, the credit must be applied to each of the concurrent sentences"). However, as noted in Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990), concurrent sentences are not necessarily coterminous, and as a result, when a defendant does not spend the same time in jail awaiting sentence on each of several offenses because the defendant was arrested on each offense on different dates, the defendant may have earned more jail-time credit against one sentence than another. Compare Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989) (holding that a defendant is entitled to equal jail-time credit on each concurrent sentence when the defendant is arrested at the same time for separate charges and stays in jail for the same time on each charge) with Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991) (holding that a defendant is entitled to different amounts of jail-time credit on each sentence when the defendant is arrested at different times for separate charges and stays in jail for a different *217 period of time after each arrest) and Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987) (holding that a defendant is not entitled to equal jail-time credit on each concurrent sentence when the defendant is arrested on different dates for each charge).
In the present case, the defendant was sentenced in Volusia County on or about March 13, 1991 to a 5 year sentence to run concurrent with the 5 year sentence imposed in Alachua County on February 26, 1991 in which 129 days credit was given. In Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989), the court addressed a similar situation. The defendant in Pearson was on probation for a Columbia County conviction when he committed a new offense in Hamilton County. When the defendant was incarcerated in Hamilton County, Columbia County put a hold on the defendant for the probation violation. After he was sentenced in Hamilton County, the defendant was transferred to Columbia County. However, when he was sentenced on the Columbia County charges, he only received two days credit for the time he was in Columbia County. The defendant did not receive any credit for the time he was held in Hamilton County, even though the two sentences were to run concurrently. The court in Pearson held that Daniels applied even when the multiple concurrent sentences emanated from different counties.
In a case such as this, where the Columbia County warrant was transmitted to the Hamilton County Sheriff who was holding the defendant in the county jail, the defendant must be deemed to have been in custody under the warrants from both counties, at least for purposes of entitlement to jail credit on concurrent sentencing.
Id. at 1350. The Pearson court made no distinction based on the fact that the two sentences were imposed by different judges on different days. See also Wright v. State, 589 So.2d 382 (Fla. 4th DCA 1991) (holding that since the defendant was being held in Martin County jail on new charges when Palm Beach County issued a detainer and the Palm Beach County sentence was to run concurrent with the Martin County sentence, the defendant was entitled to credit for the time spent in Martin County on the Palm Beach sentence, unless the records refuted the defendant's allegations).
In this case, the defendant alleges that during the entire time that he was incarcerated in Alachua County, he was also being held in custody on a Volusia County detainer. The trial court denied the defendant's motion without attaching any records to refute the defendant's claim. We find that, because the sentences imposed were concurrent, the defendant is entitled to credit for the time, if any, that he spent in jail in Alachua County pursuant to the Volusia County charges.
However, the record is unclear on whether the defendant was actually arrested on the Volusia County charges pursuant to the detainer. The answer is crucial to this appeal and to the determination of its outcome. The filing of a detainer and the service of an arrest warrant are legally distinct actions. In any particular case, the state may issue a detainer or serve an arrest warrant or both. In Orozco v. United States Immigration and Naturalization Service, 911 F.2d 539, 541 n. 2 (11th Cir.1990), the court noted that "[t]he filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." See also United States v. Shahryar, 719 F.2d 1522, 1524 n. 3 (11th Cir.1983). In United States v. Mauro, 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978), the Court considered the Interstate Agreement on Detainers Act and stated the following:
Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison. Further action must be taken by the receiving State in order to obtain the prisoner. [Emphasis added].
Therefore, the filing of a detainer does not have the same result as the service of an arrest warrant.
*218 In Wright, 589 So.2d at 382, the defendant was held in Martin County jail on new charges when Palm Beach County issued a detainer. The defendant sought jail-time credit on the Palm Beach County sentence for the time that he was held in Martin County under the Palm Beach County detainer. However, in Wright it is unclear whether Palm Beach County issued or transmitted a warrant to Martin County. The Wright court remanded the case to the circuit court because the defendant had stated a facially sufficient claim and the trial court had failed to attach any records to the order denying the motion for postconviction relief seeking jail-time credit.
As in Wright, we reverse and remand to the trial court with directions to furnish those portions of the record refuting the appellant's claim or to conduct an evidentiary hearing to establish when the appellant was actually arrested on the Volusia County charges. The appellant is entitled to jail-time credit from the date that he was arrested on the Volusia County charges, not from the date that the detainer was issued.
REVERSED and REMANDED with directions.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.850 provides in pertinent part: "[i]f the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing."