HOY, JOHN J., Associate Judge.
Robert Benson appeals the Broward trial court’s denial of jail credit for time served. Appellant entered into a plea agreement on charges made in Broward County. That agreement provided that the Broward sentence was to run concurrent with a sentence on Dade County charges as well as a sentence on federal charges. The trial judge in Broward refused to give Benson jail credit for time served on the Dade County charges. Appellant asserts that he is entitled to an extra 195 days credit on his concurrent sentences.
We agree and reverse and remand on the authority of Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989). The trial court, upon remand, shall give jail credit from November 19, 1990, and amend the sentence to reflect the proper credit.
Lastly, we note a discrepancy between the oral pronouncement of sentence and the written sentence. The court orally pronounced that appellant’s sentence was “a period of incarceration of 12 years in prison followed by 10 years in prison.” The written sentence in the record provides for twelve years in prison followed by ten years probation. The oral statements at sentencing do not agree with the written sentence or plea agreement. On remand, the trial court should correct this error.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.