PER CURIAM.
Appellant, Gary Longo, appeals the summary denial of his motion to obtain jail time credit. He alleges that “prior to ... sentencing ... [he] was incarcerated in the Tomkins, Ithaca, N.Y. County Jail(s) as a result of the charge(s) in this case” from May 29, 1991 to September 4, 1991 and from January 23, 1992 to February 27, 1992. He further alleges that he was sentenced for the crimes charged in the instant appeal on May 24, 1992 but received no credit for time served — 141 days, according to Longo.
The trial court summarily denied Longo’s motion in an order that indicated that a recalculation had been made and that Lon-go had already received credit for all time to which he was entitled. Longo’s sworn allegation containing the dates and time of his New York incarceration based upon Florida’s fugitive warrant and the absence of an award for credit is facially sufficient to require attachment of record documents refuting the claim. Terry v. State, 567 So.2d 1050 (Fla. 5th DCA 1990). See Littlejohn v. State, 616 So.2d 129 (Fla.2d DCA 1993).
We remand to the trial court with directions to either conduct an evidentiary hearing on this issue, as was done in Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992), or to furnish us those portions of the record refuting Longo’s claim. The record established or the evidentiary hearing to be conducted should show the date Longo was arrested on the Florida charges since he is entitled to jail time credit from that date. Price.
REVERSED AND REMANDED.
GOSHORN, C.J., and HARRIS and PETERSON, JJ., concur.