THOMPSON, Judge.
Gary Longo appeals the denial of his motion to correct sentence filed pursuant to Rule 3.800(a), Florida Rule of Criminal Procedure. This appeal is Longo’s second on these facts. See Longo v. State, 621 So.2d 502 (Fla. 5th DCA 1993). We affirm.
Longo was sentenced on 23 April 1992 to nine and a half years in the Department of Corrections (DOC) for a second violation of probation. He was given credit for five and one half years previously served in DOC as part of a “true” split sentence and 149 days credit for jail time. He appealed the sentence and this court remanded the case with directions to the trial judge “to either conduct an evidentiary hearing ... or to furnish us those portions of the record refuting Lon-go’s claim.” Id. at 503.
The trial judge complied with this court’s direction, again denying Longo’s motion, but this time attaching copies of the executed Florida arrest warrants which confirm the trial judge awarded the proper amount of credit for jail time served in New York: 101 days from the date of defendant’s arrest on the first probation violation to sentencing and 48 days from the date of his arrest on his second violation to sentencing, for a total of 149 days.
In Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993) (citing Kronz v. State, 462 So.2d 450 (Fla.1985)), this court receded from it’s decision in Longo to the extent that it conflicts with this court’s clarification that there is no mandatory requirement that a defendant be given credit for time spent in jail in other states on Florida charges, although a trial judge does have inherent discretionary authority to award such credit.
The trial judge in this case has established that Longo received credit for all the time spent in any jail on the Florida warrants and, therefore, Longo’s motion to correct sentence was properly denied.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.