PER CURIAM.
In his motion for postconviction relief, appellant charged that he was entitled to withdraw his plea because the conditions of the plea had been frustrated, thus rendering the plea involuntary. Specifically, appellant had agreed to plead to the charges in state court with the representation that he would be released to federal custody to serve time in connection with federal charges. Thus, his *122 state sentence and federal sentence would run concurrently. He alleges that the federal authorities have not transported him to federal facilities; thus, his sentence is being carried out differently than what was pronounced and intended. As a consequence, he will end up serving the state and federal sentences consecutively, rather than concurrently, adding about six years of confinement to that which was contemplated at the time of his plea.
When the conditions of the plea agreement cannot be honored, the trial court must affirmatively offer the defendant the opportunity to withdraw the plea. See Goins v. State, 672 So.2d 30, 32 (Fla.1996). In this case, the plea and sentence are not being carried out pursuant to their terms. Appellant’s sworn allegations are sufficient to justify an evidentiary hearing.
Appellant also claims that he is entitled to additional jail credit for time spent in federal custody on the underlying charges prior to sentencing. Since appellant may be entitled to such credit, we likewise remand for an evidentiary hearing on this issue. See Benson v. State, 613 So.2d 555, 556 (Fla. 4th DCA 1993); Pearson v. State, 538 So.2d 1349, 1350 (Fla. 1st DCA 1989).
Reversed and remanded for an evidentiary hearing.
STONE, C.J., and WARNER and KLEIN, JJ., concur.