724 So.2d 119 (1998)
Randy Scott TRAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-604.
District Court of Appeal of Florida, First District.
November 17, 1998.
*120 Appellant, pro se.
Robert Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.

UPON REHEARING
PER CURIAM.
Randy Scott Travis appealed the denial of his claim for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We previously affirmed because such a claim could not be raised pursuant to Rule 3.800(a). Shortly after our decision issued the Florida Supreme Court issued its opinion in State v. Mancino, 714 So.2d 429, 23 Fla. L. Weekly S301 (Fla. June 11, 1998), holding such claims may be raised pursuant to 3.800(a). By separate unpublished order, we sua sponte withdrew our previous opinion and asked for additional briefing. We now substitute the following opinion for our previous decision and reverse.
Santa Rosa County Sheriff's deputies attempted to serve Travis with an Escambia County warrant in their possession. Travis resisted and was arrested for battery on a law enforcement officer and resisting arrest with violence. A notation was made on the Santa Rosa arrest report to "hold for Escambia County." Travis was held in the Santa Rosa County Jail for 101 days and ultimately was sentenced for the Santa Rosa charges. Travis was formally arrested on the Escambia County warrant on the day he was released from the Santa Rosa County Jail. His subsequent sentence on the Escambia County charges was ordered to run concurrent to the Santa Rosa sentences. He was awarded credit only for the 75 days he spent in the Escambia County Jail, but not the 101 days he was in the Santa Rosa County Jail.
Travis seeks the additional 101 days of jail credit towards his Escambia sentences and argues that because his Escambia and Santa Rosa sentences were concurrent, pursuant to Daniels v. State, 491 So.2d 543 (Fla.1986) and this court's opinion in Pearson v. State, 538 So.2d 1349 (Fla. 1st DCA 1989), he was entitled to such credit. The trial court denied Travis' claim on grounds he was not entitled to the credit because he had not been formally arrested on the Escambia County charges until he was released from the Santa Rosa County Jail. The trial court distinguished Pearson because the hold placed on Travis had a reasonable bond, whereas the defendant in Pearson was already in custody when a hold without bond was placed on him. The state's argument on appeal is consistent with that reasoning by the trial court.
In Pearson, the defendant was in jail in Hamilton County when the Columbia County Sheriff sent a warrant for his arrest for violation of probation along with a note to "hold without bond" to the Hamilton County Sheriff. This court held that when a warrant is transmitted to a sheriff who is already holding a defendant on other charges, "the defendant must be deemed to have been in custody under warrants from both counties, at least for the purpose of entitlement to jail credit in concurrent sentences." Id. at 1350. In this case the events occurred in the opposite order: the arrest warrant was transmitted and then Travis was taken into custody on charges unrelated to the transmitted warrant. The result, however, is indistinguishable. In our opinion, from the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, that defendant, as in Pearson, is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing.
This court had previously held that claims for credit which do not allege a sentence *121 which exceeds the statutory maximum were not cognizable under Rule 3.800(a), see, e.g., Vanderblomen v. State, 709 So.2d 144, 23 Fla. L. Weekly D795 (Fla. 1st DCA March 24, 1998). As noted, that holding was recently rejected by the Florida Supreme Court. Whenever the record reflects that jail credit was not properly awarded as mandated by section 921.161(1), the sentence is an "illegal" sentence which may be challenged under rule 3.800(a). See Mancino, 714 So.2d 429, 23 Fla. L. Weekly at S302-03. Because the record is clear in this case with regard to the amount of time spent in the Santa Rosa County Jail, as well as the fact that the Escambia and Santa Rosa sentences were to run concurrently, we reverse. On remand, the trial court is directed to award Travis the additional jail credit towards his concurrent Escambia sentences for the time he spent in the Santa Rosa County Jail after the Escambia warrant had been transmitted to Santa Rosa County, and to amend his sentences accordingly.
REVERSED and REMANDED with directions.
WEBSTER and DAVIS, JJ., concur.
McDONALD, PARKER LEE, Senior Judge, concurs in part and dissents in part with opinion.
McDONALD, PARKER LEE, Senior Judge, concurring in part, dissenting in part.
I concur with the majority to the extent that it finds that Travis is entitled to credit for the time spent in the Santa Rosa County Jail. Travis' claim for this credit was not presented to the trial judge at the original sentencing and it is unknown what the sentence would be had the sentencing judge been aware of this claim for credit. Because of this, on remand the trial judge should have the option to modify his original sentence by adding the amount of time for which Travis is entitled to credit to the sentence under review.