PER CURIAM.
William M. Young appeals the denial of his claim for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because it is not clear from Young’s motion (or the record) that his Santa Rosa and Walton sentences were to *59 run concurrently, we affirm the order on appeal. Cf. Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998) (reversing and remanding denial of 3.800(a) motion for jail credit “[bjecause the record is clear in this case with regard to the amount of time spent in the Santa Rosa County Jail, as well as the fact that the Escambia and Santa Rosa sentences were to run concurrently”). If Young’s sentences were to run consecutively, rather than concurrently, he would not be entitled to credit for the time he served in Santa Rosa. See Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (explaining that where a defendant does not receive concurrent sentences on multiple charges, the defendant is not entitled to have jail time credit pyramided by receiving credit on each sentence); Knight v. State, 517 So.2d 87, 88 (Fla. 1st DCA 1987) (explaining that defendant who was sentenced on substantive charge and who was also sentenced for violating his probation, with the sentence for violation of probation to run consecutively to the sentence on the substantive charge, was not entitled to jail credit on each of his consecutive sentences but only to credit for time served against sentence for substantive charge). Accordingly, because Young’s motion does not indicate that his sentences were concurrent, it fails to affirmatively allege that “the court records demonstrate on their face an entitlement to relief.” See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998)
AFFIRMED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.