PER CURIAM.
Drexler C. Brown appeals an order denying his motion under Florida Rule of Criminal Procedure 3.800(a). One of the three grounds raised in the motion was a claim that the trial court failed to grant Mr. Brown credit for five days of jail time which he served in another county. The trial court denied the motion concluding that the issue was not cognizable under rule 3.800(a). We reverse the order insofar as it denies Mr. Brown’s claim for additional jail credit and remand for the trial court to grant Mr. Brown additional credit or to attach portions of the record refuting Mr. Brown’s claim. We affirm the order otherwise.
A claim that the record demonstrates that the trial court failed to grant jail credit is cognizable under rule 3.800(a). “[I]f the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800.... ” State v. Mancino, 714 So.2d 429, 433 (Fla.1998). See also Travis v. State, 724 So.2d 119, 120-21 (Fla. 1st DCA 1998). Under section 921.161(1), Florida Statutes (1997), “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” Cf. Travis, 724 So.2d at 120.
Here, Mr. Brown has alleged that, despite the fact that he was arrested in Pinellas County on a warrant issued in Okaloosa County, the trial court granted him credit only for time served in Okaloosa County, and that this is clear from the face of the record. We therefore reverse the trial court’s order insofar as it denies Mr. Brown’s claim for additional jail credit on grounds that the claim is not cognizable under Florida Rule of Criminal Procedure 3.800(a) and remand for additional proceedings consistent with this opinion.
Reversed in part, affirmed in part.
KAHN, BENTON, and VAN NORTWICK, JJ„ CONCUR.