753 So.2d 655 (2000)
Michael WILDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3975.
District Court of Appeal of Florida, Second District.
March 8, 2000.
*656 PER CURIAM.
Michael Wilder appeals the summary denial of his amended motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Wilder asserts that his sentence is illegal because he did not receive credit for time spent in the Hernando County Jail prior to being transferred to Pinellas County, where he was convicted and sentenced in this case. Wilder contends that the trial court should have awarded him seventy-four days of jail credit, instead of only twenty-five days. He asserts that this error is apparent from the face of the record.
Wilder's claim is cognizable in a rule 3.800(a) motion. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998) (holding "credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief'). The trial court denied relief because Wilder failed to prove that the time he spent in the Hernando County Jail was attributable "solely" to the Pinellas County charge in this case. We reverse.
Wilder does not have to prove that the time spent in the Hernando County Jail was attributable "solely" to the Pinellas County charge before he can be awarded credit for that time. If Wilder was being held in the Hernando County Jail after an arrest warrant for the Pinellas County charge was served on him, he would be entitled to credit for time served in the Hernando County Jail in this case, if the sentences in the Hernando County cases and in this case were made to run concurrently. See Bank v. State, 632 So.2d 640, 641 (Fla. 2d DCA 1994) (holding that "unless concurrent sentences are involved, a defendant held on multiple charges arising from different jurisdictions is not entitled to overlapping credit"); Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998) (holding that "from the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, that defendant... is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing").
Given the limited record before us, we cannot tell whether Wilder is entitled to additional jail credit. We do not know the date on which Wilder was served with the Pinellas County arrest warrant; nor do we know if the sentences in his Pinellas County case and in his Hernando County cases were made to run concurrently.
Because the trial court's order fails to refute Wilder's claim, we must reverse. Upon remand, the trial court should consult Wilder's court file and his jail records in determining whether he is entitled to additional jail credit. See Hidalgo v. State, 729 So.2d 984, 986 (Fla. 3d DCA *657 1999) (holding trial court should examine court file and, if necessary, jail card to determine whether defendant is entitled to additional credit for time served). If the trial court again summarily denies the amended motion, it must attach those portions of the record which conclusively demonstrate that Wilder is not entitled to relief.
Reversed and remanded.
CAMPBELL, A.C.J., and SALCINES and DAVIS, JJ., Concur.