760 So.2d 240 (2000)
Albert L. NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1049.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Albert L. Nelson, Blountstown, pro se.
No appearance required for appellee.
*241 PER CURIAM.
We review the trial court's order denying appellant Albert Nelson's motion to correct an illegal sentence filed pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. We affirm.
Appellant alleges he has not received all of his jail time credit. According to his sworn motion, he was arrested on May 23, 1994 and released pursuant to bond on January 19, 1995 (241 days). On April 14, 1995, the Palm Beach county circuit court revoked his bond and he was reincarcerated. On May 16, 1997, he plead guilty to charges of manslaughter and possession of a firearm by a convicted felon and received a sentence of fifteen years imprisonment. He remained incarcerated a total of 763 days before being sentenced. The sentencing court awarded him 887 days of jail-time credit.
Appellant filed a rule 3.800(a) motion alleging error in the calculation of his jail time credit. Appellant alleges the trial court should have awarded him 1004 days of jail credit. Upon reviewing the court file, the circuit court denied his motion because the file contained a Felony Settlement Agreement, executed by appellant and his counsel, showing appellant would receive 887 days of jail time credit.
In affirming the circuit court's order, we observe that appellant failed to affirmatively allege in his motion where in the record information can be found demonstrating his entitlement to relief. See Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998); Baker v. State, 714 So.2d 1167, n. 1 (Fla. 1st DCA 1998). In accordance with State v. Mancino, 714 So.2d 429 (Fla.1998), the judge in his order wrote that he had reviewed the court file. We agree with the Third District that the trial court should examine not only the court file, but if necessary, the jail record to determine whether the defendant is entitled to additional credit for time served, Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999); Wilder v. State, 753 So.2d 655 (Fla. 2d DCA 2000), because appellant's jail records may establish his entitlement to relief.
We, therefore, affirm the order below without prejudice to appellant's right to refile a rule 3.800(a) motion affirmatively stating where in the court file or jail records the information concerning his jail service can be found. Appellant may attach such supporting information to his motion.
DELL, KLEIN, and TAYLOR, JJ., concur.