WHATLEY, Acting Chief Judge.
Manuel Azevedo appeals his convictions of resisting arrest with violence. He contends that the trial court erred in denying his motion pursuant to Florida Rule of Criminal Procedure 3.800(b) to correct his sentence to reflect additional jail time credit. We agree and reverse.
The record reflects that on July 21, 1998, Hillsborough County sheriffs deputies conducted a vehicle pursuit of Azevedo in an attempt to arrest him on charges of armed robbery, aggravated battery, and kidnaping. The pursuit ended in Pasco County, where Azevedo was apprehended after a violent struggle with the deputies. A Pasco County complaint affidavit reflects that Azevedo was arrested and booked for battery of a law enforcement officer and resisting arrest with violence on July 21, 1998.[1] The affidavit also states that Azevedo was to be held for the Hills-borough County Sheriffs Office. At some point he was transferred to the Hillsbor-ough County Jail.
Azevedo did not receive credit for time served from his arrest on July 21, 1998, when he was sentenced on the Pasco *1113 charges to concurrent five-year prison terms. The Pasco sentences state that they are to be served concurrently with any active sentence being served, and at the sentencing hearing, defense counsel stated that Azevedo was currently serving a ten-year sentence on the Hillsborough County charges.
Azevedo contends that he is entitled to credit for time served in the Hillsborough County Jail before he was sentenced on the Pasco County charges because he was arrested for the Pasco and Hillsborough offenses at the same time. See Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998) (“[F]rom the time a warrant is transmitted or issued to another county and that county incarcerates the defendant on unrelated charges, that defendant ... is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing.” (Emphasis in original)). The State argues that Azevedo is not entitled to this relief because he was arrested on only the Hills-borough County charges on July 21, 1998, and the record does not reflect whether he was subject to a Pasco County arrest warrant on that date. We disagree. The existence of an arrest warrant is irrelevant under these facts because Azevedo was arrested by the officers whom he battered and resisted in Pasco County on the date he committed these offenses, July 21, 1998. Because Azevedo received concurrent sentences for the Pasco and Hillsborough County offenses, he is entitled to credit for time served against the Pasco charges from the date he was arrested for them, July 21, 1998.
Accordingly, we reverse Azevedo’s sentence and remand with directions consistent with this opinion.
Reversed and remanded.
SALCINES, J., and DANAHY, PAUL W. (Senior) Judge, Concur.

. Pursuant to a plea agreement, the State amended the information to charge Azevedo with two counts of resisting arrest.