772 So.2d 575 (2000)
Berkeley THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3850.
District Court of Appeal of Florida, First District.
November 21, 2000.
*576 Berkeley Thompson, Pro Se.
No appearance for Appellee.
PER CURIAM.
Appellant appeals the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. First, Appellant's motion alleges that the record conclusively shows that while he was in custody in the Duval County jail, Clay County issued and served a warrant for his arrest on June 12, 1998. On July 20, 1998, Appellant was taken into custody on charges pending in Clay County and then sentenced on those charges on August 19, 1998. The Clay County sentence ran concurrent with his Duval County sentence. The trial court awarded him 31 days' credit for time spent in the Clay County jail. Appellant claims he is entitled to 38 more days of jail credit for the time spent in the Duval County jail.
In Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998), this court ruled that from the time a warrant is issued to another county, and that county incarcerates the defendant on unrelated charges, the defendant is deemed to be in custody on the warrants from both counties and is entitled to jail credit on the concurrent sentence. Id. at 120. In this case, the order summarily denying Appellant's 3.800 motion does not indicate that the trial court reviewed the court file or jail records. The trial court also did not attach to that order any documents concerning Appellant's incarceration in Duval County.
Therefore, we must reverse on this issue and remand to allow further examination of the record. Nelson v. State, 760 So.2d 240 (Fla. 4th DCA 2000). See Wilder v. State, 753 So.2d 655 (Fla. 2d DCA 2000) (on remand the trial court should consult defendant's court file and jail records to determine whether he is entitled to additional jail credit).
Appellant also claims he was wrongly assessed 80 victim injury points because his commission of two counts of Lewd and Lascivious Act, Fondling, did not involve sexual contact. We affirm on this point, however, because the record reveals Appellant entered into a plea agreement for an agreed term of years that did not exceed the statutory maximum. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this opinion.
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B., Senior Judge, CONCUR.