793 So.2d 1101 (2001)
Thomas CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4278.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
*1102 Thomas W. Curry, Cross City, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant, Thomas W. Curry, appeals that portion of the trial court's order summarily denying his motion filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, to the extent that it denied him additional jail-time credit. We affirm.
Appellant alleges that he has not received all of his jail-time credit due, since he served seventy-three days in jail on Brevard County charges while a detainer had been placed on him from the subject Indian River County charges. He alleged in his rule 3.800(a) motion that the arrest warrant in the Indian River case noted that a detainer had been placed with Brevard County, and that this fact and the fact that he was subsequently sentenced concurrently in both cases were apparent on the face of the court files, sentencing transcript, and the rest of the record.
We agree with the trial court that appellant's allegations that he is entitled to jail credit for time served while a detainer was entered against him in Brevard county is not supported by the record. The trial court, sitting in Indian River County, has no ability to examine the jail records of Brevard County. While the records of the county in which the judge sits may be available to him, we cannot expect the judge to review, years after a sentence is imposed, jail records from counties spread across the state or the nation. Further, while appellant states that he is entitled to jail credit from the issuance date of the warrant and detainer, he actually would not be entitled to jail credit until the detainer was lodged with Brevard County, which date does not appear to be in the file.
AFFIRMED.
WARNER, KLEIN and GROSS, JJ., concur.