803 So.2d 875 (2002)
Timothy COMBS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-399.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
*876 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Timothy Combs ["Combs"] appeals his sentence after conviction of burglary of an occupied dwelling and resisting an officer without violence.
While serving time in Indiana on unrelated charges, Combs was extradited to Florida for the purpose of trial on Florida charges. He pled guilty to the above Florida offenses on January 1, 2001 and was returned to Indiana to serve out the remainder of his sentence. In the meantime, he appealed the Florida convictions and, while the appeal was pending, filed a Rule 3.800(b) motion to correct his sentence, alleging he should have been given credit on the Florida sentences for time served in Indiana from the date a Florida detainer had been lodged against him, instead of from the date he was arrested in Indiana on the Florida charges (November 11, 1998). The argument raised was as follows:
3. In Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), the Second District Court determined that a defendant should receive credit for time served beginning with the date a detainer is placed on him during his incarceration on another charge. In making this decision, the court agreed with the First District Court in Penny v. State, 25 Fla. L. Weekly [sic] (Fla. 1st DCA August 16, 2001), and with the Fourth District Court in Wright v. State, 589 So.2d 382 (Fla. 4th DCA 1991). The Bryant court noted that the Third District Court has not had occasion to rule on the matter, see Tharpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999). The Bryant court also certified conflict with Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (defendant entitled to credit for time served from date of arrest on warrant, not from date detainer issued.)
4. Because the Fifth District Court is the only appellate court that has refused to allow credit for time served from the date of a detainer, and because Price is nearly a decade old, Combs suggests that reconsideration of the Price position is warranted.
Not surprisingly, the trial court denied the request, pointing out its duty to follow the *877 law of this district. Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992). Combs now appeals, seeking reconsideration of Price and an award of time served in Indiana while under detainer.
The threshold problem we have is that Price and Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001), have little to do with this case, since those cases involve the issuance of credits for time served in other counties in the State of Florida. That issue is controlled by section 921.161(1), Florida Statutes. This case is controlled by Kronz v. State, 462 So.2d 450 (Fla. 1985), in which the court explained that the term "county jail," as used in section 921.161, applies only to Florida jails, so that section 921.161 does not govern an award of credit for time served out-of-state. In Kronz, the court nonetheless held that a trial judge has the inherent discretionary authority to award credit for time served out-of-state:
The trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida. In this latter circumstance, the trial judge should consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced.
Id. at 451.
Kronz has been read to permit the denial of an award of credit for time served out-of-state where the defendant was serving time on an out-of-state offense and not simply awaiting transfer to Florida. See, e.g., Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996); Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993). The opinion has also been read to permit, but not to require, an award of credit for time served out-of-state on Florida charges. Longo v. State, 629 So.2d 1094 (Fla. 5th DCA 1994).
We are loathe to reverse a trial judge's decision when he or she was not given the correct law. Because the general topic of "time served credit" was raised, however, and because it fosters judicial economy to do so, we reverse for reconsideration in light of Kronz. We do not imply that credit should be given, only that consideration of the request be made in light of the correct law.
REVERSED and REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.
PLEUS, J., dissents, with opinion.
PLEUS, J., dissenting.
I respectfully dissent because I believe Price is a correct decision and Combs should be entitled to credit for time served from the date of arrest on the warrant and not from the date on which the detainer was issued. The trial court had it right and followed the law.