818 So.2d 692 (2002)
Lynn A. DEWITT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1111.
District Court of Appeal of Florida, Fifth District.
June 14, 2002.
James B. Gibson, Public Defender, and Allison Toller, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Lynn A. DeWitt appeals his sentence, contending that he should have been given credit for time served commencing when the state issued a detainer against him.
According to the initial brief, DeWitt was serving a sentence in Illinois in 1997, when the State of Florida lodged a detainer against him. Upon completion of his Illinois sentence, DeWitt was transported to Florida, where he pleaded no contest to attempted capital sexual battery. DeWitt contends that he should have been awarded credit for time served commencing from 1997, when the detainer was lodged. He argues that this court should recede from Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992), in which we held that a defendant is entitled to credit for time spent in the county jail commencing when the defendant is arrested, rather than when the detainer is issued.
As pointed out in Combs v. State, 803 So.2d 875 (Fla. 5th DCA 2002), Price has nothing to do with cases involving credit for time served in other states. Price was controlled by section 921.161(1), Florida Statutes, which mandates credit for time spent in the county jail, and Kronz v. State, 462 So.2d 450 (Fla.1985), *693 held that the statute does not govern awards of credit for time served in another state, because the term "county jail," as used in the statute, applies only to Florida jails. Under Kronz, a court has discretion to award credit for "time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced." When a prisoner is incarcerated in another state on charges unrelated to a Florida charge, that prisoner is not entitled to credit for time served in the other state. Hopping v. State, 650 So.2d 1087 (Fla. 1st DCA 1995) (citing Sims v. State, 441 So.2d 187 (Fla. 5th DCA 1983)). Since there is no suggestion that DeWitt is seeking credit for time served in Illinois solely because of the Florida offense, the sentence is
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.