PER CURIAM.
Ocroimi Monestime appeals from the summary denial of his rule 3.850 motion for post-conviction relief. We find that the trial court erred in denying the 3.850 motion without a hearing and reverse.
On November 1, 1999, Monestime pleaded guilty to trafficking in cocaine, 28-200 grams, trafficking in cocaine, 200-4000 grams, and possession of paraphernalia. Prior to the plea hearing, the trial court inquired as to whether Monestime felt comfortable proceeding in English. Monestime responded that he did, and defense counsel stated, “I spoke with him in depth. I spoke in English and he understands what’s going on.” The trial court sentenced Monestime to five years for each of the trafficking counts and time served on the paraphernalia count.
The trial court then noted that the minimum mandatory sentence for trafficking *516 over 200 grams of cocaine was seven years, and asked the state if it was reducing the charge so a five-year plea could be accepted. The state responded that it was withdrawing the plea and offered seven years. The parties then went off the record to discuss the plea. Upon returning to the record, defense counsel stated that he had spoken with Monestime and “he understands it will be 84 months.” The following exchange then took place:
Court: ... Mr. Monestime, because of the level or the amount of cocaine involved here, I’m required on the one charge to sentence you to seven years in prison. Do you understand? And there is a minimum 3 year minimum mandatory sentence. Do you need to speak to him any further?
Monestime: Yeah, I speak.
Court: Do you need more time?
Monestime: Oh, okay.
Court: Are you all set?
Monestime: Yes, sir.
Court: On the one charge, the sentence will be 84 months Department of Corrections, giving you credit for 103 days time served on the misdemeanor.
On February 5, 2001, Monestime filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, alleging that his plea was obtained fraudulently, and was, therefore, involuntary. On May 11, 2001, Monestime filed an amended motion for post-conviction relief citing rule 3.850. The trial court denied both motions, finding that based on the transcript of the proceedings, Mones-time was comfortable proceeding in English, was advised of all his right? and agreed to the sentences as part of his plea bargain. Monestime timely appealed.
His allegation that the terms of his plea were not carried out, thereby rendering his plea involuntary, warranted an eviden-tiary hearing. See Wright v. State, 711 So.2d 121, 122 (Fla. 4th DCA 1998). The state reads the transcript as saying that the original plea offer was revoked, and then a new offer was made and accepted. However, that view is not conclusively refuted by the transcript of the plea conference. Monestime’s answers are not responsive to the trial court’s questions, and do not convey that he understood that his plea was for seven years and not five years. Monestime’s comment to the trial court when asked about the sentencing change was: “Yeah, I speak.” When the conditions of the plea agreement cannot be honored, “the trial'court must affirmatively offer the defendant the opportunity to withdraw the plea.” Id. The record does not reflect that Monestime was ever advised that he could withdraw his plea.
We reverse for an evidentiary hearing on the 3.850 motion or for attachment of portions of the record which conclusively refute the voluntariness claim.
FARMER, GROSS and HAZOURI, JJ., concur.