829 So.2d 354 (2002)
Jesse E. MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1419.
District Court of Appeal of Florida, Fifth District.
November 1, 2002.
Jesse E. Miller, DeFuniak Springs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Miller appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He asserts he is entitled to credit for the time he served in federal custody from August 28, 1996 to August 26, 1997 (363 days), against his current state sentence. If given this amount of credit, he would have been entitled to release on March 1, 2002. We reverse and remand for further proceedings.
The trial court denied Miller's motion on the ground that a prisoner is only entitled to jail credit from the date he or she is arrested on the charges involved in the case. Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992). Since Miller was only in jail for five days on the state charges and the sentencing court ordered the state sentence be served concurrent with the federal sentence, not coterminous, Miller received all the credit to which he was entitled (five days).
Miller alleges in this motion he was arrested in Putnam County on April 9, 1996 and charged with possession of a firearm by a convicted felon. He was released on bond on April 11, 1996, but was taken into federal custody on August 28, 1996, and charged with federal possession of a firearm by a felon, stemming from the same offense as the state charge. He pled guilty to the federal charge pursuant to a plea agreement, and was sentenced to seventy months in prison on January 1, 1997.
On August 26, 1997, he was returned to Putnam County and entered a guilty plea to the state charge, pursuant to a plea agreement, and was sentenced to sixty-eight months with five days credit, to be *355 served concurrent with any other active sentence. Miller was then returned to federal custody. He served his federal sentence and was placed in state custody on October 22, 2001.
The primary issue in this case is whether Miller should have received credit for time served in federal custody before he was sentenced in Florida.[1] It appears Miller received credit for the time he served in federal prison after his state sentence was imposed, so the provision for concurrent sentences is being honored.
In Combs v. State, 803 So.2d 875 (Fla. 5th DCA 2002), this court held that requests for credit for time served out-of-state are covered by the rule announced in Kronz v. State, 462 So.2d 450 (Fla.1985), not Price. In Kronz, the Florida Supreme Court held section 921.161 only entitled a defendant to credit for time served in a Florida county jail, but that trial judges nonetheless have inherent discretionary authority to award credit for time served in another jurisdiction while awaiting transfer to Florida. The court in Combs also noted that Kronz permits denial of credit for time served out-of-state on an out-of-state offense, if the defendant is not merely awaiting transfer to Florida. See Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996); Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993).
In this case, Miller seeks credit for time he was in federal custody, not while awaiting transfer to Florida for disposition of Florida charges, but rather for time he served after his arrest on federal charges, while awaiting disposition of the federal charges and while serving his federal sentence before being returned to Florida for resolution of his Florida charges. As stated in Combs, credit can be denied in this situation in the discretion of the court, but it can also be granted. The trial court denied Miller credit in this case in reliance on Price, a case which denies a judge discretion to award credit. But Price only applies to cases involving credit for time served in another Florida county.
Accordingly, we reverse and remand this cause to the trial court for reconsideration pursuant to Kronz. See Harriman v. State, 798 So.2d 819 (Fla. 1st DCA 2001); Combs.[2]
REVERSED and REMANDED.
SHARP, W., SAWAYA and ORFINGER, R.B., JJ., concur.
NOTES
[1] Miller cannot argue his plea to the state charges was unknowing in a Rule 3.800(a) motion. Abdullah v. State, 679 So.2d 846 (Fla. 5th DCA 1996). Any claim he misunderstood the plea agreement should have been raised in a timely Rule 3.850 motion.
[2] On reconsideration, the trial court shall confine its review to those matters that are apparent from the face of the record. See Curry v. State, 793 So.2d 1101 (Fla. 4th DCA 2001).