PER CURIAM.
We affirm the order denying Frank Bressi’s motion under Florida Rule of Criminal Procedure 3.800(a) for additional jail credit. The motion alleged that he was incarcerated in the Columbia County Jail from November 28, 1998, through October 4, 1999, a total of 310 days prior to sentencing, but that the trial court had awarded him credit for only 255 days.* The trial court denied relief on the basis of a jail credit certificate showing that he was in the Columbia County Jail from November 28, 1998, through August 6, 1999, and *344 from September 20, 1999, through September 22, for a total of 255 days. To the extent that Mr. Bressi contends that he served more than 255 days in the Columbia County Jail, the certificate refutes his claim.
ERVIN, DAVIS and BENTON, JJ., concur.

 A letter in the court file suggests that Mr. Bressi was in the custody of Alachua County for part of the time between November 28, 1998, and October 4, 1999, while still facing the Columbia County charges. We do not decide today whether he is entitled, pursuant to section 921.161(1), Florida Statutes (1999) (stating a court shall award credit to a defendant for "all of the time she or he spent in the county jail before sentence”), to receive jail credit for any time he may have spent incarcerated in Alachua County. See Brown v. State, 747 So.2d 992, 993 (Fla. 1st DCA 1999); Travis v. State, 724 So.2d 119, 120-21 (Fla. 1st DCA 1998); Pearson v. State, 538 So.2d 1349, 1349-50 (Fla. 1st DCA 1989). See generally State v. Mancino, 714 So.2d 429 (Fla.1998).