PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion for additional jail and prison credit. Because his motion is facially insufficient, we affirm.
The appellant claims he is due an additional 257 days of credit for time served in the Jackson County Jail against his Columbia County conviction. However, the appellant failed to allege when he was arrested for the Columbia County charge, where in the record the dates of his Columbia County arrest can be located, and that his Columbia County warrant was conveyed to Jackson County. See Gethers v. State, 838 So.2d 504 (Fla.2003); Travis v. State, 724 So.2d 119, 120 (Fla. 1st DCA 1998).
The appellant also alleges that he is entitled to 168 days of prison credit for time spent in the Department of Corrections. However, the appellant has failed to allege any legal theory supporting enti *1010 tlement to relief. See, e.g., Tripp v. State, 622 So.2d 941 (Fla.1993).
AFFIRMED.
BARFIELD, DAVIS, and BENTON, JJ., concur.